UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       Plaintiff, )<br>   v. )<br> )<br>$31,420.00 and $20,700.00, )<br>       Defendants, )<br> )<br>OCTAVIUS HUMPHREY, )<br>       Claimant. ) | CAUSE NO.: 2:19-CV-35-JEM |

**OPINION AND ORDER**

This matter is before the Court on a letter [DE 26] by Tina Jones, *pro se*, on June 22, 2020, and a Motion to Strike [DE 27], filed by the Government on June 29, 2020. Jones asserts a belated claim to the Defendant property of $20,700.00. The Government moves to strike the claim because it was not signed by the claimant under penalty of perjury. Jones filed a response on July 14, 2020. The Government did not file a reply.

    **I.**    **Background**

On January 23, 2019, the Government filed a Complaint of Forfeiture in Rem against the defendant currency. On January 24, 2019, the Government sent direct notice of the action to Tina Jones, among other potential claimants. On October 21, 2019, the Court entered an agreed judgment between the Government and claimant Octavius Humphrey as to the sum of $31,420.00. As to the remaining $20,700.00, a clerk's entry of default was entered on December 5, 2019, after no claimant filed a claim within the time allotted.

On June 10, 2020, the government filed a status report indicating that it would file a motion for default judgment as to the $20,700.00 unless a verified claim and answer were filed by June 26, 2020. The Government sent a letter directly to Jones on June 10, "notifying her of the deadline and

enclosing the prior notice and warrant that were sent to her with the requirements for filing a verified claim and answer." On June 22, 2020, the Court received a letter from Jones, dated June 16, 2020, in which she claimed to be the owner of the $20,700.00. The letter was apparently signed by Jones, but does not indicate that it was signed under penalty of perjury. The Government now moves to strike the letter.

## II.     Analysis

Forfeiture actions *in rem* are governed, in part, by the procedure laid out in Rule G of the Supplemental Rules of Civil Procedure for Asset Forfeiture Actions. *See* Fed. R. Civ. P. Supp. R. G. A valid claim for the defendant property must "be signed by the claimant under penalty of perjury." Fed. R. Civ. P. Supp. R. G(5)(a)(i)(C). If the claim does not comply with this rule, the Government can move to strike it. Fed. R. Civ. P. Supp. R. G(8)(c)(i)(a). Verification is "an essential element of any claim because of the substantial danger of false claims." *United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597 (7th Cir. 2000).

In response to the Government's motion, Jones indicates that she sent in "a verified claim," stating that "I have no legal help and don't understand what Hammond, IN wants from me." It appears that Jones, a *pro se* litigant, believed that her signed letter constituted a "verified" claim, and did not know that she had to state in the letter that it was signed under penalty of perjury. *See* 28 U.S.C. § 1746 (explaining that a statement can be verified by writing: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."). Although the Government re-sent Jones the initial notice and warrant with its June 10 letter, it does not appear that those instructions explain that Jones needed to write those words. *See* [DE 2] (warrant stating that the claim must be signed "under penalty of perjury," but not describing what

2

that entailed); [DE 3-1, 4-1] (notices instructing Jones to file a "verified claim"). This lends credence to Jones's explanation that she did not understand what was required of her. There is no indication, on the facts before the Court, that Jones was deliberately trying to delay the proceedings or give false information.

Under these circumstances, the just outcome is to give Jones one final chance to immediately file a verified claim. *See* Fed. R. Civ. P. 1 (the Court construes the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding"). <u>Jones must file a claim that is signed and verified under penalty of perjury, by writing "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date)."</u> The Court is aware that Jones was first given notice of this action in January 2019, and the appropriate period for claims has long passed. If Jones does not file a verified claim by August 17, 2020, her claim will not be considered. If a verified claim is timely filed, the Government will be ordered to respond as to how the case should proceed.

### III.    Conclusion

For the reasons described above, the Court hereby **TAKES UNDER ADVISEMENT** the Motion to Strike [DE 27]. The Court **GRANTS** Jones until **August 17, 2020** to file a verified claim, compliant with the instructions above and all applicable rules. The Court **ENCOURAGES** the Government to withhold filing any motion for default judgment until after **August 17, 2020**.

So ORDERED this 3rd day of August, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record  
       Tina Jones, *pro se*, first-class mail, return receipt requested  
            5211 Lome Ave., Dayton OH 45417